## James E. Plew, Appellee, v. E. M. Board et al., Appellants.

### Gen. No. 21,040.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim does not state ground of liability in action against officers of corporation for corporate debt.* A statement of claim in an action in the Municipal Court of Chicago against the officers of a corporation on notes of the corporation alleging that the notes purported to have been executed by the United Publishing Company, a pretended corporation; but that said corporation had never complied with the laws of the State relating to corporations, and had never been authorized or licensed to execute said notes, or otherwise transact business in the State; but that such notes were the obligations of the defendants as makers, such defendants being or pretending to be stockholders, officers, agents and the board of directors of such corporation, and assuming as such to exercise corporate powers under such corporate name, *held* not to state a ground of legal liability.

2. CORPORATIONS, § 297*—*nonliability of officers assuming to exercise corporate powers of foreign corporation.* The General Incorporation Act, Sec. 18 (J. & A. ¶ 2531), which makes persons assuming to exercise corporate powers of a corporation liable under specific circumstances for debts contracted by them in its name, has no application to the failure of a foreign corporation to take out a license to do business within the State.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when necessary that statement of claim disclose ground of legal liability.* A statement of claim in a fourth class case in the Municipal Court of Chicago must show a ground of legal liability.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed. Opinion filed January 11, 1916.

SAMUEL SHAW PARKS, for appellants.

FREDERICK A. FREEARK, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee brought suit against appellants and others to recover the principal and interest on two promissory notes, copies of which are set forth in the statement of claim, which avers that they were

"notes purporting to have been executed by the United Publishing Company, a pretended corporation; but * * * that said corporation * * * never has complied with the laws of this State relating to corporations, * * * and never has been authorized or licensed to execute said notes, or otherwise transact business in this state; but that said notes are the obligations of the first four above named defendants as makers, said defendants being or pretending to be stockholders, officers, agents, and the board of directors of said corporation, and assuming as such to exercise corporate powers under said corporate name."

The notes were dated at Chicago, Illinois, and bear the signature: "The United Publishing Company, By H. L. Bird, President, By E. M. Board, Treasurer." They also bear a corporate seal containing the company's name and the words "Corporate Seal, 1911, Delaware." Appellants filed their affidavit of defense denying liability, but as a stipulation as to the facts has been stricken from the transcript of the record, the assignments of error rest on the common-law record and present as the only question whether or not the statement of claim states a ground of legal liability.

While the statement of claim alludes in one part to a "pretended" corporation, taken as a whole it must be regarded as recognizing as the real ground of action that the United Publishing Company was a foreign corporation and had not been licensed to transact business in this State as required under our act regulating foreign corporations. To avoid this construction, counsel for appellee suggests that the averment that said company was not licensed to do

business in this State should be treated as surplusage, and the rest of the pleading be given the most favorable intendments and presumptions. But so to do would be in violence of the pleading's most reasonable construction; for outside of this averment it contains mere generalizations or conclusions which seemingly allude to the alleged fact of noncompliance with said act, which is the only specific fact alleged in the statement of claim from which the basis of liability can be inferred. The action was manifestly brought on the theory that officers and directors of a foreign corporation that has not taken out a license to do business in this State are liable for the debts it incurs in this State. This is the only reasonable construction that can be given to the statement of claim.

But it is erroneous to suppose that such a state of facts will support a cause of action against the company's officers. It is the corporation itself and not its officers or agents that is subject to the penalties prescribed by our act regulating foreign corporations for failure of the corporation to comply with its provisions (Hurd's Rev. St. 1911, ch. 32, ¶ 67g, J. & A. ¶ 2531); and it is too obvious for discussion that section 18 or the General Incorporation Act (J. & A. ¶ 2435) which makes persons assuming to exercise corporate powers of a corporation liable under specific circumstances for debts contracted by them in its name, has no application to the failure of a foreign corporation to take out a license to do business in this State.

Inasmuch as the statement of claim fails to disclose any ground of legal liability on the part of appellants or to state a cause of action, the judgment cannot stand, and, therefore, it must be reversed. (*Gillman v. Chicago Rys. Co.*, 268 Ill. 305.)

*Reversed.*