WILLIAM GILLMAN, Appellee, vs. THE CHICAGO RAIL-
WAYS COMPANY, Appellant.

*Opinion filed April 22, 1915—Rehearing denied June 11, 1915.*

1. PLEADING—*section 40 of the Municipal Court act construed.*
The provision of section 40 of the Municipal Court act that the
statement of a claim in an action of the fourth class need not "set
forth the cause of action with the particularity required in a dec-
laration at common law," does away with all objections to the
statement of claim which might be made to a declaration by spe-
cial demurrer and recognizes only objections going to the merits
of the case.

2. SAME—*statement of claim in fourth-class case must show a
legal liability of defendant to plaintiff.* The statement of claim in
a fourth-class case in the municipal court of Chicago must show
a legal liability of the defendant to the plaintiff, and if the action
is based upon a tort the statement must show not only damage to
the plaintiff but also a breach of a legal duty by the defendant,
otherwise the statement is, in legal effect, no statement at all.
(*Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240
Ill. 311, explained.)

3. SAME—*when failure to move for more specific statement of
claim is not a waiver.* The failure of the defendant in a fourth-
class case in the municipal court of Chicago, based upon a tort, to
move for a more specific statement of claim is not a waiver if the
statement is so defective that it shows no breach by the defend-
ant of any legal duty to the plaintiff.

4. NEGLIGENCE—*what necessary to constitute a tort.* To con-
stitute a tort there must be an invasion of a legal right of the
plaintiff,—the violation of a legal duty by the defendant,—as dam-
ages suffered without an invasion of a legal right or the violation
of a legal duty are damages without injury.

5. COURTS—*municipal court of Chicago is a court of record.*
The municipal court of Chicago is a court of record and its judg-
ments must be sustained by the record according to the ordinary
practice of common law courts, except where such practice has
been changed by law.

FARMER, C. J., and CARTER and CRAIG, JJ., dissenting.

APPEAL from the Branch "B" Appellate Court for the
First District;—heard in that court on writ of error to the
Municipal Court of Chicago; the Hon. JOSEPH P. RAF-
FERTY, Judge, presiding.

JOHN W. WALSH, and FRANK L. KRIETE, (W. W. GURLEY, and J. R. GUILLIAMS, of counsel,) for appellant.

E. W. ADKINSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court affirmed a judgment for $500 recovered by William Gillman against the Chicago Railways Company in the municipal court of Chicago and granted an appeal to this court, having certified that the cause involves questions of law of such importance that it should be passed upon by the Supreme Court.

The case was one of the fourth class, being a civil action for the recovery of money, only, in which the amount claimed by the plaintiff did not exceed $1000. The record consists of a *præcipe,* summons and return thereof, statement of the plaintiff's claim, affidavit of a meritorious defense, and an order showing a trial by the court without a jury, a finding of guilty, assessment of damages and judgment. The question argued is the sufficiency of the statement of claim to sustain the judgment.

The statement is as follows: "Plaintiff's claim is for damages caused by a door in one of defendant's street cars violently striking the car bumper and breaking the glass in the door and showering broken glass on plaintiff, cutting the blood vessel and nerve in the back of plaintiff's right hand, causing pain and suffering and loss of two weeks' time and permanently injuring plaintiff's hand, to plaintiff's damage of $1000."

The affidavit of merits states that the nature of the defense is as follows: "That the injuries complained of in plaintiff's statement of claim occurred through no fault of defendant, reserving the right to object to any insufficiency in plaintiff's statement of claim and any insufficiency of plaintiff's evidence to establish defendant's liability."

Section 3 of the Municipal Court act provides in regard to cases of the fourth class, that "the issues shall be deter-

mined without other forms of written pleadings than those hereinafter expressly prescribed or provided for." Section 40 thereinafter expressly prescribes and provides for the form of written pleadings in fourth-class cases, except certain cases not material in this instance, by requiring every such case to be commenced by the filing of a *præcipe* and "a statement of the plaintiff's claim, which statement, if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand, or, if the suit be for a tort, it shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law."

The appellee concedes,—as, indeed, he must under section 40 of the statute,—that the filing of a statement of claim was necessary to the commencement of the suit. If the record showed no statement of claim filed but only a *præcipe,* with a summons and a return of service, and a default had been taken and judgment rendered against the defendant, probably no one would insist that such a judgment should not be reversed. The defendant would not be bound to answer in such case where no claim had been made against him and could not be in default. He is no more bound to answer a claim which does not show any liability against him. In this case the plaintiff's statement makes no pretense of being based on a contract, and in the argument his counsel states that this is a case of tort. In such case the statute requires a statement of the nature of the tort and such information as will reasonably inform the defendant of the nature of the case he is called upon to defend. If such a statement has not been filed, clearly the plaintiff is not entitled to have the court render a judg-

ment in his favor. The municipal court is expressly declared to be a court of record, and its judgments must be sustained by its record according to the ordinary practice of common law courts, except where such practice has been changed by law. The practice has been changed so that in the class of cases now under consideration no declaration is required but only a statement of claim.

It is argued for the appellee that nothing is required of the plaintiff but a brief statement of the nature of the tort, and that there is no requirement to state facts showing a cause of action. It is difficult to conceive how it is possible to show a tort done to the plaintiff without disclosing a cause of action. Section 40 requires a brief statement of the nature of the tort, etc., and continues, "but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law." This proviso proceeds on the theory that the statement of claim must show a cause of·action. If not, it is useless. If by the preceding part of the section it was not required to state a cause of action it was unnecessary to say that the cause of action need not be stated with the particularity required at common law. If it was intended that the statement of claim need not set forth the cause of action at all, it was worse than useless to add the words, "with the particularity required at common law," for those words carry the implication that the cause of action must be set forth but not with that degree of particularity. The effect of this language is to do away with all objections to the statement of claim which might be made to a declaration by special demurrer and to recognize only objections going to the merits of the case.

It is not contended that plaintiff's statement of claim states a cause of action in favor of the plaintiff against the defendant. Manifestly it does not. It shows no relation of carrier and passenger, of master and servant, or of any

kind; no duty owed by the defendant to the plaintiff; no negligence or wrongful act of the defendant, and no damage to the plaintiff as the result of any act or neglect of the defendant. It does not show the nature of the tort complained of. Counsel says that "a tort is a private wrong or injury and in the case at bar the injury was fully stated." In this statement counsel falls into the error of using the word "injury" in two different senses. This word is frequently used indiscriminately to indicate the invasion of a right and the damages resulting from such invasion. "Injury" means detriment, hurt, harm or damage, and in this sense the statement of claim may be said to set forth the nature of the plaintiff's injury. His hand was cut and permanently injured and he suffered pain and loss of time. When it is said that a tort is a private injury a legal injury is meant which involves more than damages. A legal injury is an actionable wrong,—a wrongful act resulting in damages. There may be damages without injury. To constitute a tort there must be the invasion of a legal right of the plaintiff,—the violation of a legal duty of the defendant. Damages suffered without the invasion of a legal right or the violation of a legal duty are damages without injury. To state the nature of the tort, therefore, it is essential to show a violation of a legal duty by the defendant. The plaintiff's statement does not do this. It shows damages occasioned by the happening of an event for which it is not shown that the defendant was in any way responsible and which it is not shown that it was its duty to prevent. Damages are shown but not a breach of a legal duty, and therefore not the nature of the tort. The finding of the court is that the defendant is guilty as charged in plaintiff's statement of claim, but the statement charges it with no wrong and the court finds none. The statute requires a statement showing the nature of the tort, and it was error to render judgment without it.

The appellee cites and relies upon *Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240 Ill. 311, in which we said that actions of the fourth class under the Municipal Court act are brought without forms of written pleading, and therefore the same rule governs as controls the form of actions before justices of the peace, citing section 3 of the act. While the statement was made that such actions are brought without forms of written pleadings, there was a statement of claim in that case, and it was held that though such statement was made in form as if the action were on contract, the judgment might be upheld as an action of tort in so far as the form of action was concerned. The facts alleged and proved justified the holding in that case and it was not necessary to refer to the provisions of section 40. It was not intended to annul the provisions of that section, and in the later case of *Walter Cabinet Co.* v. *Russell,* 250 Ill. 416, we held that the issue is made in the municipal court by the statement of claim, that the evidence must be limited by that statement, and that the issue cannot be enlarged by affidavits or oral claims. Except as provided in section 48, which has no application to cases of the fourth class of this kind, a statement of claim is necessary to the commencement of a case of the fourth class in the municipal court and as the basis of the judgment in such case, and such statement must show a legal liability of the defendant to the plaintiff.

The statement of claim was not waived by the failure of the defendant to move for a more specific statement. The statement stands for a declaration in common law actions. It is essential to sustain the judgment. The rule is well settled that if a declaration is so defective that it will not sustain a judgment the insufficiency may be availed of on a writ of error even after a demurrer overruled and a plea to the merits. *Chicago, Rock Island and Pacific Railway Co.* v. *People,* 217 Ill. 164; *Chicago and Alton*

*Railroad Co.* v. *Clausen,* 173 id. 100; *Chicago and East-
ern Illinois Railroad Co.* v. *Hines,* 132 id. 161.

ᵗThe judgments of the Appellate Court and of the mu-
nicipal court of Chicago will be reversed and the cause
will be remanded to the municipal court.

*Reversed and remanded.*

Mr. JUSTICE CRAIG, dissenting:

The purpose of the statement of claim required by sec-
tion 40 of the Municipal Court act is to inform the de-
fendant of the nature of the claim or suit that he is called
upon to defend.  The defendant made no objection to the
statement of claim as filed, and such averments as would
make the statement show a cause of action,—that the de-
fendant was a carrier of passengers, that plaintiff was a
passenger for hire, and that plaintiff was in the exercise of
due care and .was injured by the negligence of the defend-
ant, etc.,—add nothing that would inform the defendant of
the nature of the case,  The only possible reason for in-
serting such formal allegations would be to conform to the
common law rule that a declaration must state a cause of
action.  The defendant, if not sufficiently informed of the
statement of claim, had the right to demand a more specific
statement, but instead of that it filed an affidavit of merits,
in which it reserved the right to object to any insufficiency
of plaintiff's claim, went to trial and had a fair trial on
the merits, and, having been unsuccessful in the trial, now
asks that the judgment be reversed because the statement
of claim did not set out a complete cause of action.  This
method of procedure is clearly contrary to the act when
its various provisions are all considered, and the appellant
cannot raise the question of the sufficiency of the statement
of claim for the first time on writ of error.

In addition to the quotation from section 40 in the
above opinion there is the following provision immediately
following the part quoted: "In cases of the fourth class

mentioned in said section 2 of this act, the municipal court may adopt such rules and regulations as it may deem necessary to enable the parties, in advance of trial, to ascertain the nature of the plaintiff's claim or claims, or of the defendant's defense or defenses." Section 19 provides, as does section 3, that in cases of the fourth class mentioned in section 2 of the act the issues shall be determined without other forms or written pleadings than those thereinafter expressly prescribed or provided for. Section 52 of the act provides: "If the method of procedure in any case within the jurisdiction of the municipal court is not sufficiently prescribed by this act, or by any rule of court adopted in pursuance hereof, the court may make such provision for the conducting and disposing of the same as may appear to the court proper for the just determination of the rights of the parties." Section 23 provides the manner in which judgments in cases of the fourth class may be reviewed by writ of error. The sixth paragraph of that section provides that it shall be the duty of the judge by whom such final order or judgment is entered, to sign and place on file in the case, if so requested by either of the parties to the suit, a correct statement, to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial thereof, and also questions of law involved in such case and the decisions of the court upon such questions of law, or, if such party shall so elect, a correct stenographic report of the proceedings of the trial and a correct statement of such other proceedings in the case as such party may desire to have reviewed by the Supreme Court or Appellate Court. The seventh paragraph of said section 23 provides that "no order or judgment so sought to be reviewed shall be reversed unless the Supreme or Appellate Court, as the case may be, shall be satisfied from said statement or stenographic report, or reports, signed by said judge, that such order or judgment is contrary to the law and the evidence, or that such order or

judgment resulted from substantial errors of said munici-
pal court directly affecting the matters at issue between the
parties, in which last mentioned case the Supreme Court
or Appellate Court, as the case may be, may enter such
order or judgment as, in its opinion, the municipal court
ought to have entered, or it may reverse the said order or
judgment and remand the case to the municipal court for
further proceedings." The eighth paragraph of section 23
provides that "no assignment of error in the Supreme
Court or in the Appellate Court in any such case shall be
allowed which·shall call in question the decision of such
municipal court in respect to any matter pertaining to the
practice in such court, nor shall any exceptions to the rul-
ings and decisions of the municipal court upon the trial,
which appear to have been made against the objection of
the party complaining thereof, be necessary to the right of
either party to a review of such rulings and decisions in
the Supreme Court or Appellate Court upon their merits,
but it shall be the duty of the Supreme Court or the Ap-
pellate Court, as the case may be, to decide such case upon
its merits as they may appear from such statement or sten-
ographic report or reports signed by the judge: *Provided,
however,* that the Supreme Court or Appellate Court, as
the case may be, may grant relief from any error of the
municipal court in respect to a matter of practice therein
in any case where, in the opinion of the Supreme Court
or the Appellate Court, such relief is necessary to prevent
a failure of justice." In section 22 it is provided that in
case of appeal no assignment of error to the Supreme Court
or Appellate Court shall be allowed which shall call in ques-
tion the decision of the municipal court in respect to any
matter pertaining to the practice in said court, provided,
however, that the Supreme Court or Appellate Court, as
the case may be, may grant relief from any error of the
municipal court in respect to matters of practice therein in
any case where, in the opinion of the Supreme Court or

Appellate Court, such relief is necessary to prevent a failure of justice.

The Municipal Court act abolishes the courts of justice of the peace within the city of Chicago. These actions of the fourth class are, generally speaking, the class of cases which were formerly brought before a justice of the peace, in which no written pleadings were required. While the act requires that in actions of the fourth class a statement of claim must be filed, the act expressly provides that no written pleadings shall be required, and it is particularly provided that nothing in the act, including the provision that a statement of claim shall be filed in actions of the fourth class, shall be construed to require a statement of claim in any action for tort to set forth the cause of action with the particularity required in a declaration at common law. It is the theory of common law pleading that a cause of action is stated in the briefest and most complete manner by a declaration appropriate to the form of action, and assuming this to be true, it would be impossible to make any improvement by substituting any other system for cases of the fourth class in the municipal court. It was clearly the intention of the legislature in passing the Municipal Court act, as further shown in section 48 of the act, to get away from the technicalities of common law pleading in actions of the fourth class, so that in cases of the fourth class (which are, generally speaking, the same class of cases as were formerly tried in the justice courts and in which the amount involved is not large,) the parties could submit a case and have it decided on its merits, and if a writ of error were taken the case should be reviewed only upon its merits. That has not been done in this case, and the cases cited in support of the proposition that if a declaration is so defective that it will not sustain a judgment the insufficiency may be availed of on a writ of error, are cases which arose under the common law system of pleading.

I think that the decision of this court in the case of *Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240 Ill. 311, and the case of *Schultz* v. *Ericsson Co.* 264 id. 156, should be adhered to. To adopt the construction put upon the Municipal Court act by the foregoing opinion would be to render void many of its provisions, as it was never required, even at common law, that the plaintiff should do more than set forth a good cause of action in his declaration; and according to the foregoing opinion, in the future a plaintiff in an action of the fourth class must file a statement of claim that would be good as a declaration at common law, and the entire system of common law pleading will thus be imposed in such actions, contrary to the express provisions of the act.

FARMER, C. J., and CARTER, J., also dissenting.