CHARLES ENBERG, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed December 22, 1915—Rehearing denied Feb. 4, 1916.*

PLEADING—*a statement of claim in municipal court against city for tort need not allege giving notice.* A statement of claim in the municipal court in an action of the fourth class against a city for a tort need not allege the giving of the statutory notice of the injury, even though such averment is necessary in a common law declaration, and the addition of such averment to the statement does not make a new cause of action within the contemplation of section 40 of the Municipal Court act. (*Gillman* v. *Chicago Railways Co.* 268 Ill. 305, explained.)

CARTWRIGHT, DUNN and COOKE, JJ., dissenting.

APPEAL from the Branch "D" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

JOHN E. ERICKSON, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, CHARLES R. FRANCIS, City Attorney, JOHN W. BECKWITH, and N. L. PIOTROWSKI, (HENRY T. CHACE, JR., and DAVID R. LEVY, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Charles Enberg, appellant, brought this suit November 27, 1912, against the city of Chicago in an action of the fourth class in the municipal court. He filed a statement of claim, using the following language: "Plaintiff's claim is for damages on account of personal injuries sustained by the plaintiff on the 24th day of June, 1912, at Kinzie street and the river, in the city of Chicago, as a result of the negligence and carelessness of the guards and bridge tenders, employees and servants of the defendant in lifting or raising the bridge then and there at said Kinzie street, crossing the said river, while the plaintiff was upon and crossing the said bridge, and by reason of which lifting and raising of said bridge the plaintiff sustained a fall from said bridge, and in said fall was bruised and lacerated about the head, sides, legs and divers parts of his body, whereby the plaintiff suffered great pain and agony and was permanently injured, and whereby the plaintiff was unable to attend to or perform any work by him to be performed." An affidavit of merits by the plaintiff was attached to the statement of claim. Appellee filed an affidavit of defense, denying that appellant suffered damages as alleged, that the place of injury was a public street under its control on said date, and denying that it was guilty of any negligence, and alleged that appellant was guilty of contributory negligence. On

October 15, 1913, appellant filed an amended statement of claim and affidavit of merits, alleging the same state of facts aforesaid, with the additional statement that notice of the injuries to plaintiff was served on appellee, as required by the statute, on August 15, 1912. Appellee filed the same affidavit of defense, in substance, as the one to the original statement of claim, and further alleged that appellant did not allege in his original or in any other statement of claim filed prior to October 15, 1913, that appellee was notified of his injuries in accordance with the statute, and that his amended statement of claim alleges a new cause of action and is barred by the Statute of Limitations because not filed within one year after the day of his alleged injuries. By agreement of the parties the cause of action was submitted to the court upon a motion of appellee to dismiss the suit for the failure of appellant to file a statement of claim within one year, averring the giving of the statutory notice. The court entered an order showing a demurrer by appellant to appellee's plea of the Statute of Limitations, the overruling of the demurrer, and judgment against appellant. The appellant sued a writ of error out of the Appellate Court, which affirmed the judgment and granted a certificate of importance and an appeal to this court.

In a court of record, where common law pleadings are required, a declaration in a personal injury suit against a city which contains no averment that the notice to the city required by the statute was given does not state a cause of action, and an amendment to the declaration supplying such material averment, filed more than a year after the cause of action accrued, is subject to a successful attack by a plea of the Statute of Limitations. (*Walters* v. *City of Ottawa,* 240 Ill. 259.) That decision is based upon the elementary principle that a common law declaration must allege all the material averments or ultimate facts necessary to be proved to maintain the action. It is argued by appellee that the

same principles of common law pleadings apply to suits in·
tort in actions of the fourth class in the municipal court,·
and that the suit at bar is barred by the Statute of Limita-
tions because no statement of claim filed by appellant within
one year after his cause of action accrued contained the:
allegation of the giving of the statutory notice in question.
Appellee's position, stated more precisely, is, that the state-
ment of claim must state a cause of action substantially as
is required of a declaration at common law in other courts
of record, though not with the same particularity.   We can
not give our assent to such an interpretation of the Munici-
pal Court act.   Section 3 of that act provides "that in all
cases of the first class and in all cases of the second class
the issues shall be made up in said court by the same forms
of pleadings, as near as may be, in use in similar cases in ·
the circuit courts; * * * and that in all cases of the fourth
class * * * the issues shall be determined without other
forms of written pleadings than those hereinafter expressly
prescribed or provided for."   Clause 7 of section 28 of the
same act provides, in actions of the first and second class,
that "the plaintiff shall file his declaration within three days
after the commencement of the suit, * * * unless the
court by an order entered in said suit shall extend the time
for filing such declaration."   The eighth clause of said last
section provides that in such actions "the defendant shall in
case he shall have been served with process or. summons,
* · * * enter his appearance on· or before such return day
and shall demur or plead to the declaration."   Section 40
of the act provides that every. case of the fourth class,
except attachment suits and certain others that do not in-
clude suits in tort, shall be commenced by filing· with the
clerk a *præcipe* for a summons, specifying the names of
the parties to the suit, the amount of the plaintiff's claim
and the day to which the summons shall be made return-
able, which day shall not be less than five nor more than
fifteen days from the filing of the *præcipe*, "and a statement

of plaintiff's claim, which statement, if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand, or, if the suit be for a tort, it shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law. In cases of the fourth class  *  *  *  the municipal court may adopt such rules and regulations as it may deem necessary to enable the parties, in advance of the trial, to ascertain the nature of the plaintiff's claim or claims, or of the defendant's defense or defenses." Section 43 provides in fourth-class cases, that upon return day, if the defendant is duly served, plaintiff shall have judgment as in case of default, unless the defendant shall enter his appearance in writing at the time fixed in the summons for his appearance. In case he desires to make defense to the suit he is simply to signify the same by filing a written appearance unless otherwise ruled by the court, and in case he desires upon the trial to present any set-off or other counter-claim, "he shall file a statement thereof with his appearance." By section 60 the office of justice of the peace in the city of Chicago is abolished, and actions that were formerly brought before justices of the peace are now clearly intended to be provided for by the Municipal Court act in fourth-class actions, along with other similar actions not involving an amount of more than $1000, and with the intention of providing for the trial thereof without the use of common law pleadings.

A careful consideration of the foregoing sections and other sections of the Municipal Court act leads us to the conclusion that common law pleadings are expressly permitted in actions of the first and second class and that the

use thereof is abolished as to fourth-class actions. The issues in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs or counter-claims, which shall merely state the account or nature of the demand if the suit is on a contract express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. The statement of an account is not a declaration at common law. It is not a pleading in the sense or meaning of common law pleadings. Neither does the statement in tort required by said act rise to the dignity of a common law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded.

It is clear by the act, also, that it is not necessary for a defendant in any case to file any pleading or statement unless he has a counter-claim or set-off to urge as an affirmative defense. If his defense is merely a denial of the plaintiff's claim he is only required to enter his appearance, unless the court, under its rules, requires him to make his defense, or the nature of it, to appear in a statement. It is not contemplated by the act that he should file such a pleading as the general issue or other pleadings, but that he shall make known the character of his intended defense. So far as this record shows, the court has adopted no rules that required appellant to state his case with any more particularity than is provided by the Municipal Court act.

Does the original statement of claim, then, in this case conform to the statute in question? The *præcipe* filed by appellant contains all the requirements of the statute and shows the amount of damages claimed to be $1000, and precedes and is attached to the statement of claim. The statement of claim clearly informs appellee that the suit is for damages for personal injuries received by appellant on said bridge, not by reason of any defect in the bridge, but

on account of the negligence of the guards and bridge tenders, employees and servants of appellee in raising and lifting the bridge while appellant was crossing it, clearly disclosing that the suit is in tort and the nature of the tort. It informs appellee definitely as to the time and place the injury occurred and the nature and character of appellant's injuries received from his fall, caused by said negligence. Appellee was fully informed of the nature of the case it was called upon to defend, and it clearly understood it, as is shown by its statement of defense.

It is argued that by the amendment to the statement of claim that notice of the injuries to appellant was served on appellee, as required by the statute, on August 15, 1912, a new cause of action is stated, and that for that reason it is barred by the Statute of Limitations. Such amended statement does allege an ultimate fact which is necessary to appear in a good declaration at common law under the ruling in *Walters v. City of Ottawa, supra.* It is not true, however, that the amended statement of claim states a new or different cause of action within the meaning and requirements of said section 40. The same tort, in the same language, appears in the original statement of claim as in the amended statement of claim. The amendment in no way changes the action, and it gives no further information of the tort or of the nature of the case appellee is called on to defend. By the express provisions of said section the statement of claim shall, if in tort, be merely a brief statement of the nature of the tort, and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend. By the further provisions of our statutes appellant was required to give appellee notice of his injury, as therein specified, within six months from the date of the injury, and if he failed to give such notice within the time required his suit might be dismissed and his action forever barred. If this notice was not given the city within the time provided it could have

compelled the dismissal of this suit when that fact was established. Shall we, against the express provisions of said section 40, add the further requirement that the statement of claim shall aver the giving of that notice, when such an averment in no way adds to the information of appellee as to the nature of the tort or of the case it is called on to defend? The amendment was a mere statement of a fact that happened after the cause of action accrued, in no way descriptive or explanatory of such cause of action, and we hold that both the amended and the original statement of claim, within the meaning of said section, state precisely the same cause of action and give precisely the same information as to the cause of action for which suit is brought, and that the Statute of Limitations was no bar to appellant's suit.

Appellee relies upon the case of *Gillman* v. *Chicago Railways Co.* 268 Ill. 305, as authority for its contention. That case does not hold that an ultimate fact in no way connected with the tort or the commission thereof must be averred or stated in a statement of claim. It holds that a statement of the elements of the tort or wrong committed must appear in the statement of claim, and further expressly holds that the statement of claim in actions of the fourth class need not "set forth the cause of action with the particularity required in a declaration at common law." It does not hold that a statutory requirement of a notice to the party sued must be pleaded, as contended in this case, and therefore is not in point. It also cites the decision of this court in *Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240 Ill. 311, which holds that no written pleadings, or the forms thereof, are required in fourth-class actions in the municipal court.

If the statement of claim in this case was not sufficiently definite in any particular appellee had the right to move for a more explicit statement, and the court had the power to rule appellant to file a more specific statement if the interest

of appellee demanded it, and in case appellant should refuse such a reasonable request, to dismiss his suit. The court also had the right to dismiss appellant's suit on the trial if it appeared that the statutory notice had not been given within the time required by the statute, but under the Municipal Court act appellant was not required to state in his statement of claim that he had given such notice.

For the foregoing reasons the judgments of the Appellate and municipal courts will be reversed and the cause remanded to the municipal court, with directions to overrule appellee's motion to dismiss the suit and for further proceedings in accordance with this opinion.

*Reversed and remanded, with directions.*

CARTWRIGHT, DUNN and COOKE, JJ., dissenting.