William Rauen, Appellee, v. Andrew Benson, Appellant.

Gen. No. 21,967.

MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim insufficient.* A statement of claim in an action of the first class in the Municipal Court of Chicago, the material averments of which are that "plaintiff's claim is for the value of goods appropriated by defendants of the kind and value as follows," setting out there-. after a list of certain personal property, is insufficient in that it does not state a cause of action cognizable by the courts under settled rules of procedure.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CXCVIII 5

term, 1915. Reversed and remanded. Opinion filed February 14, 1916. Rehearing denied February 28, 1916.

BENTLEY, BURLING & SWAN, for appellant.

GEORGE REMUS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellant brings the statutory record in this case to this court for review. Appellee has failed to appear or favor us with brief or argument.

Judgment was rendered upon the finding of the court in favor of appellee against appellant for $663, and appellant says that the amended statement of claim under which the cause went to trial does not state a cause of action. This case is one of the "first class" under the Municipal Court Act and is a "contract claim."

The material averments of the statement of claim are that "plaintiff's claim is for the value of goods appropriated by defendants of the kind and value as follows"—setting out a list of certain personal property alleged to be of the aggregate value of $1,744.60. This is not the statement of a claim resting either in contract or tort. No contractual relation is stated to exist between the parties and nothing is alleged which in law constitutes a tort. If the statement of claim defectively set forth a cause of action, the finding and judgment of the court would be a sufficient curative. But where the statement found in the record fails, as does this, to state any cause of action, no subsequent proceeding, finding or judgment will aid it. On such a statement nought can be predicated, as it presents nothing upon which any presumption can be based. While the statement need not state a cause of action "with the particularity required at common law," still it must state some cause of action cognizable by the

courts under settled rules of procedure. *Gilman v. Chicago Railways Co.*, 268 Ill. 305, and *Walter Cabinet Co. v. Russell*, 250 Ill. 416, amply sustain the foregoing legal conclusions.

The judgment of the Municipal Court is reversed and the cause is remanded.

*Reversed and remanded.*