## New Columbus Buggy Company, Appellee, v. Empire Express Storage & Van Company, Appellant.

### Gen. No. 21,365.

1. REPLEVIN, § 47*—*what constitutes sufficient demand for goods.* Where a corporation styled "The New Columbus Buggy Company" makes demand for goods in possession of another and fails to designate itself under that style but leaves out, in making such demand, the word "new," even though such technicality were availing, still where, on making such demand, defendant makes an absolute refusal to deliver the goods except on replevin, plaintiff is excused from the necessity of any further demand before bringing suit.

2. MUNICIPAL COURT OF CHICAGO, § 29*—*when presumed that rules authorize prosecution of case of first class without declaration.* Under the Municipal Court Act, sec. 28, par. 9 (J. & A. ¶ 3340), the Municipal Court of Chicago has power to adopt rules prescribing the same practice in first-class cases as in fourth-class cases; in fourth-class cases a declaration in replevin is not necessary, and indulging the presumption of regularity of procedure and that the court observed its rules, it will be assumed, until the contrary is

shown, that they authorized prosecution of a replevin suit in such first-class cases without a declaration.

3. REPLEVIN, § 123*—*when evidence sufficient to show that sale not bona fide.* In an action of replevin for two automobiles held by defendant as local sales agent for plaintiff under a contract to return the cars at a certain date if unsold, evidence *held* sufficient to sustain a finding that a sale of the cars to a sister-in-law of an officer of defendant was not bona fide.

· Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 28, 1916.

ALLAN A. GILBERT and CHARLES W. STEIFEL, for appellant; EDWARD O. BROWN, of counsel.

STEIN, MAYER & STEIN, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment in replevin finding the right to possession of two electric automobiles in appellee, the plaintiff, and assessing damages for detention thereof against appellant, the defendant.

Under a contract between appellee and the John A. Bender Company, as sales agent, said automobiles had been placed with the latter for sale, and appellant's defense is that the latter through John A. Bender, its secretary and treasurer, negotiated a sale thereof to one Mrs. Marshall for whom it held them in storage. The question of the right of possession depends entirely on whether the sale was a bona fide transaction, and the court before whom the case was tried without a jury must have held that it was not.

Only two points of law are raised, one relating to the necessity of a demand and the other to the necessity of a declaration. The former need not be considered as the record shows a demand in fact, and, even if it was insufficient, that none was necessary. The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

point made is that the person making an oral demand of appellant for the goods failed to designate appellee by its precise corporate name because he left out the word "new." Even though the technicality were availing yet as appellant then and there made an absolute refusal to deliver the goods except on a replevin, appellee was excused from the necessity of any further demand before bringing suit.

The point as to the want of a declaration is that the suit being one of the first class cannot be prosecuted without such pleading. The Municipal Court has the power to adopt rules prescribing the same practice in first-class as in fourth-class cases (Municipal Court Act, sec. 28, par. 9, J. & A. ¶ 3340), and in the latter class a case of this character may be prosecuted on the affidavit (Id., sec. 48, J. & A. § 3360). Its rules are not before us but, indulging the presumption of regularity of procedure and that the court observed its rules, we should assume until the contrary is shown that they authorized prosecution of the suit without a declaration. This is not in conflict with *Gilman v. Chicago Rys. Co.*, 268 Ill. 305, which expressly stated (p. 310) that the decision had no application to cases arising under section 48 of said act.

As to the alleged sale relied on for a defense, we think the court was fully justified in questioning the good faith of the parties thereto. Their cross-examination developed so many suspicious and unnatural circumstances as to render the evidence of a sale not reasonably convincing.

The Bender Company was appellee's local agent. Under the contract it was to return the cars to appellee March 1, 1914, if unsold. On April 7th, appellee called for their return if not sold. April 25th it again wrote said company for returns, and, if the cars were sold, for the proceeds. Later in the month its agent personally called on Bender for information. He refused to give any, and referred the agent to the com-

424 APPELLATE COURTS OF ILLINOIS.

New Columbus B. Co. v. Empire E. S. & V. Co., 198 Ill. App. 421.

pany's attorney. A few days previous, on April 21st, Bender had personally negotiated the sale in question. He claimed at the trial that appellant owed his company a balance on account. Their relations were evidently strained.

The cars were listed to his company at $3,400. The alleged sale was to his sister-in-law at $2,500. While every formality of a sale was scrupulously observed the extreme care in that respect furnished additional reasons under attending circumstances for suspecting its genuineness. They lived in the same house. Yet claiming no previous conversation with him on the subject, without having owned an automobile, with little if any practical knowledge of one, without inquiry into their merits or values, she at this particular juncture of strained relations steps into the office of her brother-in-law, and without any of the usual preliminaries of a business transaction makes him an offer of $2,500 for the cars which he immediately accepts, and forthwith he becomes her agent in placing them in storage and trying to sell them. We need not follow into their unconvincing explanations of this unusual proceeding. It is true, as claimed by appellant, that mere suspicion will not usually, if ever, justify the rejection of uncontradicted and unimpeached evidence of a satisfactory character. But the circumstances under which a transaction is entered into are frequently more persuasive in their import than the bare acts constituting it. They may of themselves be sufficient to impeach its good faith. Those in this case seemingly possess so many earmarks of a purely artificial transaction as to have rendered the evidence of the sale unsatisfactory and therefore not reasonably convincing to the court. We see no good reason for disturbing its finding. Hence the judgment will be affirmed.

*Affirmed.*