## Fortune Brothers Brewing Company, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 22,045.

MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in tort insufficient.* A statement of claim in tort in a fourth-class case, which is wholly silent as to the care exercised by plaintiff and gives no facts whatever touching his conduct or position in relation to the accident does not state a cause of action.

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 29, 1916.

THOMAS J. YOUNG and JOHN J. POULTON, for plaintiff in error.

WARREN D. BARTHOLOMEW and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit to recover for damages to its motor truck which was struck by one of defendant's street cars. The trial court directed the jury to return a verdict of not guilty.

Defendant urges that plaintiff's amended statement of claim does not state a cause of action, hence there was no proper issue to be submitted to a jury. This was an action in tort of the fourth class in the Municipal Court. The amended statement of claim alleges that the plaintiff claims "damages caused by said car belonging to defendant running into and striking the motor truck belonging to plaintiff, at or about the corner of 24th street and Cottage Grove avenue in the City of Chicago, on the 6th day of March, A. D. 1913, said car having been so carelessly and negligently driven or managed by defendant, or its servants, as to run at a high and dangerous rate of speed into and upon plaintiff's motor truck, without stopping at the corner of said streets to take on passengers waiting there, and without giving warning of its approach." There is no averment of any duty of defendant to plaintiff, no allegation that plaintiff was in the exercise of due care, and no facts alleged from which duty or care can be implied.

"A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute. If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for

the plaintiff does not cure the defect.'' *Walters v. City of Ottawa,* 240 Ill. 259.

From anything to the contrary appearing in the statement before us, plaintiff abandoned his truck in the street car track in the nighttime, or recklessly ran headon into the street car. The statement manifestly states no cause of action.

Is this necessary in a statement of claim in a case of this class and kind? We are of the opinion that the Supreme Court has decided that it is. *Gillman v. Chicago Rys. Co.,* 268 Ill. 305. In the opinion the court says: ''It is difficult to conceive how it is possible to show a tort done to the plaintiff without disclosing a cause of action''; and as to section 40 of the Municipal Court Act (J. & A. ¶ 3352), which provides that in such cases it will not be required ''to set forth the cause of action with the particularity required in a declaration at common law,'' the court says: ''This proviso proceeds on the theory that the statement of claim must show a cause of action. If not, it is useless. * * * The effect of this language is to do away with all objections to the statement of claim which might be made to a declaration by special demurrer and to recognize only objections going to the merits of the case.'' And, again, the court says: ''The statement of claim was not waived by the failure of the defendant to move for a more specific statement. The statement stands for a declaration in common law actions. It is essential to sustain the judgment.'' We do not find anything to the contrary in the opinion in *Enberg v. City of Chicago,* 271 Ill. 404. In this case the court said, referring to the *Gillman* case: ''It holds that a statement of the elements of the tort or wrong committed must appear in the statement of claim.''

In the light of these decisions we hold that a statement of claim in tort in a fourth-class case, which is wholly silent as to the care of plaintiff and gives no facts whatever touching his conduct or position in re-

lation to the accident, does not state a cause of action.

It might also be added that we have examined the evidence in this case and are of the opinion that even under a proper statement of claim plaintiff's servant driving the motor truck was shown to have been guilty of such contributory negligence as to preclude any recovery from the defendant.

The judgment is affirmed.

*Affirmed.*