## Lena Sher, Appellee, v. James A. Robinson, Appellant.

### Gen. No. 25,732.

1. NEGLIGENCE, § 126*—*when due care of injured person must be pleaded.* In courts where common-law declarations are filed it is essential, in actions for personal injuries sustained through negligence, to allege in the declaration that the plaintiff was exercising due care, or to allege facts from which such care on plaintiff's part may be reasonably inferred.

2. APPEAL AND ERROR, § 1446*—*when error in pleadings is harmless.* In actions of the fourth class, in tort, for personal injuries caused by negligence, where the plaintiff's due care is not alleged in the declaration and the question is not raised anywhere in the pleadings, but is raised on the trial and evidence thereon is introduced by both parties and is conflicting, the judgment for the plaintiff will be affirmed, notwithstanding the omission to allege due care.

BARNES, P. J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed December 31, 1920.

CAMERON & MATSON, for appellant.

ANDREW R. SHERIFF, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from a judgment for $500 entered by the municipal court of Chicago on July 15, 1919, against the defendant, James A. Robinson, in an action of the fourth class, in tort, for damages for personal injuries alleged to have been sustained by the plaintiff, Lena Sher. The cause was tried before the court without a jury, and the court found the defendant "guilty as charged in plaintiff's statement of claim"

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and assessed the plaintiff's damages at $500. After defendant's motion in arrest of judgment had been overruled, the judgment appealed from was entered.

Plaintiff's statement of claim is as follows:

"Plaintiff states that on January 13, 1919, she was walking east on the south side of East Van Buren street at the intersection of South Clark street in the City of Chicago; that one H. W. Sapp, who was then and there in the employ of the defendant, was driving a horse and wagon, owned by the defendant, west on East Van Buren street; that said Sapp was so driving said horse and wagon in the course of his said employment and in and about the business of the defendant, and that he, the said Sapp, so negligently and carelessly drove, turned and directed said horse over, against and upon the plaintiff and her face and body, that she was thereupon and thereby knocked down, and as a direct result thereof she sustained severe injuries," etc.

Defendant's affidavit of merits is as follows:

"Defendant denies that on, to wit, January 13, 1919, H. W. Sapp, then and there in the employ of the defendant, driving a horse and wagon owned by the defendant west on East Van Buren street, so negligently and carelessly drove, turned, and directed said horse over, against and upon the plaintiff and her face and body, that she was thereupon and thereby knocked down and injured as alleged in plaintiff's statement of claim."

It will be noticed that in the statement of claim it is not alleged that at the time and place mentioned plaintiff was in the exercise of due care for her own safety, nor are such facts alleged from which it can reasonably be inferred that she was then and there in the exercise of due care. And defendant's affidavit of merits is in effect merely a denial of the negligence charged.

On the trial, as appears from the bill of exceptions, plaintiff and an eyewitness to the accident testified in plaintiff's behalf, and Sapp, the driver, testified

for defendant, all giving their versions as to how the accident happened. It appears that about 8 o'clock on the morning of January 13, 1919, plaintiff was crossing Clark street, walking east, on the south crosswalk of Van Buren street; that she had reached the east or northbound street car track in Clark street; that a horse and wagon, owned by defendant and driven by Sapp, defendant's employee, had been moving west on the south side of Van Buren street and had turned towards the south in Clark street; that plaintiff came in violent contact with the horse's head, was thrown down and suffered the injuries complained of; and that the streets were then being repaired and were so torn up that said horse and wagon could only get away from said intersection by moving in the direction and making the turn mentioned. There was a sharp conflict in the testimony as to whether Sapp, the driver, immediately before and at the time of the accident, was guilty of any negligence, and also as to whether plaintiff was then and there in the exercise of due care, both parties having introduced evidence on these two material points.

If plaintiff's statement of claim is sufficient to sustain the judgment, we cannot say that the judgment should be reversed on the ground that the finding of the trial court is manifestly against the weight of the evidence.

But it is here contended by counsel for defendant that plaintiff's statement of claim is insufficient to sustain the judgment because it does not state a cause of action, and that the trial court erred in overruling defendant's motion in arrest of judgment.

It is well settled in this State that, in those courts where common-law declarations are filed, it is essential, in actions for damages for personal injuries sustained through negligence, to allege in the declaration that plaintiff was at the time of the occurrence exercising due care, or to allege facts from which such

care on plaintiff's part may reasonably be inferred. In *Walters v. City of Ottawa,* 240 Ill. 259, 266, it is said:

"In *Calumet Iron & Steel Co. v. Martin,* 115 Ill. 358, the general rule is declared to be that in order to recover for injuries from negligence it must be alleged and proved that the party injured was, at the time he was injured, observing due or ordinary care for his personal safety, and many cases are there cited. The same rule was again announced in *Gerke v. Fancher,* 158 Ill. 375, and *Jorgenson v. Johnson Chair Co.,* 169 Ill. 429. A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action. * * * If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect."

And in *Sargent Co. v. Baublis,* 215 Ill. 428, 431, it is said:

"A verdict will aid a defective statement of a cause of action by supplying facts defectively or imperfectly stated or omitted which are within the general terms of the declaration, but where no cause of action is stated the omission is not cured by verdict. If, with all the intendments in its favor, the declaration is so defective that it will not sustain a judgment, such defects may be taken advantage of on appeal or error."

But it is urged by counsel for plaintiff that, under certain provisions in the Municipal Court Act, where an action of the fourth class in tort is brought in said municipal court to recover damages, it is not necessary that plaintiff's statement of claim should allege all the material facts necessary to be proved at the

trial, but that it is sufficient if said statement reasonably apprises the defendant of the nature of the case which he is called upon to defend.

In section 3 of the Municipal Court Act (J. & A. ¶ 3315) it is provided:

"That in all cases of the fourth class * * * the issues shall be determined without other forms of written pleadings than those hereinafter expressly prescribed or provided for."

And section 40 (J. & A. ¶ 3352) thereinafter expressly prescribes and provides for the form of written pleadings in certain fourth-class cases, by requiring every such case to be commenced by the filing of a *præcipe,* and

"a statement of the plaintiff's claim, which statement * * * if the suit be for a tort, shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend, but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularity required in a declaration at common law."

In the case of *Gillman v. Chicago Rys. Co.,* 268 Ill. 305, which was one of the fourth class, in tort, commenced in the municipal court of Chicago, plaintiff's statement of claim concededly did not state a cause of action, but judgment for $500 was rendered in favor of plaintiff. In reversing the judgment our Supreme Court said (pp. 307-8):

"In such case the statute requires a statement of the nature of the tort and such information as will reasonably inform the defendant of the nature of the case he is called upon to defend. If such a statement has not been filed, clearly the plaintiff is not entitled to have the court render a judgment in his favor. * * * It is argued for the appellee that nothing is required of the plaintiff but a brief statement of the nature of the tort, and that there is no requirement to state facts showing a cause of action. It is

difficult to conceive how it is possible to show a tort done to the plaintiff without disclosing a cause of action." And again said (p. 310): "The statement of claim was not waived by the failure of the defendant to move for a more specific statement. The statement stands for a declaration in common-law actions. It is essential to sustain the judgment."

In the case of *Enberg v. City of Chicago,* 271 Ill. 404, it was decided, in substance, that a statement of claim in the municipal court in an action of the fourth class against a city for a tort need not allege the giving of the statutory notice of the injury, even though such averment is necessary in a common-law declaration. In commenting upon the *Gillman* case, *supra,* it is said (p. 411):

"That case does not hold that an ultimate fact in no way connected with the tort or the commission thereof must be averred or stated in a statement of claim. It holds that a statement of the elements of a tort or wrong committed must appear in the statement of claim, and further expressly holds that the statement of claim in actions of the fourth class need not 'set forth the cause of action with the particularity required in a declaration at common law.' * * * It also cites the decision of this court in *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311, which holds that no written pleadings, or the forms thereof, are required in fourth-class actions in the municipal court."

In the opinion in the *Enberg* case an exhaustive review of many of the provisions of the Municipal Court Act is made, and it is further said (pp. 408-9):

"A careful consideration of the foregoing sections and other sections of the Municipal Court Act leads us to the conclusion that common-law pleadings are expressly permitted in actions of the first and second class and that the use thereof is abolished as to fourth-class actions. The issues in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs or counterclaims, which shall merely

state the account or nature of the demand if the suit is on a contract express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. The statement of an account is not a declaration at common law. It is not a pleading in the sense or meaning of common-law pleadings. Neither does the statement in tort required by said act rise to the dignity of a common-law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded.''

In the case of *Fortune Bros. Brewing Co. v. Chicago City Ry. Co.,* 199 Ill. App. 476 (decided by the Appellate Court of this district), it appears that plaintiff brought an action of the fourth class in tort in the municipal court to recover damages to its motor truck which was struck by a street car of defendant. In plaintiff's amended statement of claim there was no allegation that plaintiff was in the exercise of due care and no facts were alleged from which due care could reasonably be inferred. On the trial the court directed the jury to return a verdict of not guilty and plaintiff sued out a writ of error to reverse the judgment against it. Defendant urged in this court that the statement of claim did not state a cause of action and that, therefore, there was no proper issue to be submitted to a jury. The judgment was here affirmed. The court, after referring to the *Walters, Gillman* and *Enberg* cases, *supra,* said (p. 478):·

''In the light of these decisions we hold that a statement of claim in tort in a fourth-class case, which is wholly silent as to the care of plaintiff and gives no facts whatever touching his conduct or position in relation to the accident, does not state a cause of action.''

Since the decision in the above *Fortune Bros.* case, our Supreme Court has decided the case of *Lyons v. Kanter,* 285 Ill. 336, which was an action of the fourth class commenced in the municipal court for damages

for alleged malicious prosecution. There was a trial before a jury resulting in a verdict and judgment for $1,000 in favor of the plaintiff, Lyons. In the statement of claim it was not alleged or shown that there was no probable cause for the prosecution. It was urged in the Supreme Court that the judgment should be reversed because the statement of claim did not state a cause of action, but the court affirmed the judgment. In the opinion it is said (pp. 338-9):

"The statement does not show that there was no probable cause for the prosecution and therefore failed to state a cause of action. * * * A statement of claim in actions of the fourth class in the municipal court which does not state a cause of action does not require an answer from the defendant, and if a judgment by default is rendered upon such a statement it may be reversed, and such a statement will not, of itself, sustain a judgment. (*Gillman v. Chicago Rys. Co.*, 268 Ill. 305.) It is contended by the appellee that' this decision is qualified by the case of *Enberg v. City of Chicago*, 271 Ill. 404. That qualification has no application to the present case. * * * In the *Gillman* case there was no statement of defense other than a denial of fault on the part of the defendant. The record contained no bill of exceptions and did not disclose the nature of the claim made by the plaintiff or of the issue tried. The judgment rested upon the statement of claim, alone, unaided by anything in the record. The present record is in a different condition. The defendants appeared and filed an affidavit of merits, basing their defense specifically upon the existence of the very element which the plaintiff had failed to deny,—probable cause,—and the case was tried upon that issue. It was not an immaterial issue, for, although it was not alleged, the plaintiff could not recover without proving it, and the record shows that evidence was introduced by each of the parties on that issue. * * * The issue was introduced by the defendants instead of the plaintiff, but we will not, with the whole record before us, reverse the judgment for the purpose of letting the parties raise in a more

formal way an issue of which they have already had the benefit of a full trial.''

It appears that the essential differences between the record in the *Lyons* case, *supra,* and that in the present case, are as follows: (1) The statement of claim in the *Lyons* case did not allege or show that there was no probable cause for the prosecution, while in the present case the statement of claim did not allege or show that plaintiff was in the exercise of due care. Both were material or ultimate facts, without satisfactory proof of which there could be no recovery. (2) Defendant's affidavit of merits in the *Lyons* case specifically alleged the existence of probable cause for the prosecution, and that material issue *was raised in the pleadings,* while defendant's affidavit of merits in the present case, though it denied the negligence charged, did not allege that plaintiff was not in the exercise of due care at the time of the occurrence, and that material issue was not raised in the pleadings. The two cases are somewhat alike in that, in the *Lyons* case the trial was had upon the material issue of probable cause for the prosecution, and in the present case upon the material issues as to whether plaintiff was in the exercise of due care and whether the defendant was guilty of negligence as charged.

If, in the present case, the material issue as to whether defendant at the time of the occurrence was in the exercise of due care had been raised by defendant in his affidavit of merits, we would have no hesitancy, under the authority of the *Lyons* case, *supra,* in affirming the judgment. But the question in this case is, where that material issue is *not* raised anywhere *in the pleadings* but *is* raised *on the trial,* and evidence thereon is introduced by both parties which is so conflicting that we cannot say the finding is manifestly against the weight of the evidence, should we affirm the judgment? We are of the opinion that we should, in view of the holdings in the *Enberg* and

*Lyons* cases, *supra,* and particularly in view of the statement in the opinion of the *Lyons* case that a reviewing court, where the whole record is before it as in the present case, will not reverse a judgment, rendered in an action of the fourth class in tort in the municipal court, "for the purpose of letting the parties raise in a more formal way an issue of which they have already had the benefit of a full trial." It is apparent from the present record that the parties had the benefit of a full trial of the material issue as to whether plaintiff at the time of the occurrence was in the exercise of due care, even though that issue was not formally raised in the pleadings.

For the reasons indicated the judgment of the municipal court will be affirmed.

*Affirmed.*

MATCHETT, J., concurs.

BARNES, P. J., dissenting.

MR. PRESIDING JUSTICE BARNES dissenting:

The foregoing opinion interprets the decision of the Supreme Court in the case of *Lyons v. Kanter* as holding that the issues in a fourth-class case of the municipal court may be determined from an analysis of the evidence alone regardless of what the pleadings contain, and as thus impliedly overruling the *Gillman* case, which up to this time has been generally followed. As the latter case has not been expressly overruled, but on the contrary manifestly recognized in the *Lyons* case itself as authority, we should not treat it as overruled by implication unless the *Lyons* case furnishes no other logical inference. To a majority of this court that inference is supplied because in that case the court said: "But we will not, with the whole record before us, reverse the judgment for the purpose of letting the parties raise in a more formal way an issue of which they (the parties) have already

had the benefit of a full trial," and because the opinion referred to the fact that evidence was heard on the element of the cause of action lacking in the statement of claim. But the inference ignores what the court said with respect to the pleadings. The beginning of the very sentence above quoted is: "The issue was introduced by the defendants instead of the plaintiff," and the way it was introduced, as shown in the opinion, was by the defendants supplying in their pleading, though informally, the element of the cause of action lacking in the plaintiff's pleading. The Supreme Court also expressly pointed out the difference in that respect between the pleadings in that case and those in the *Gillman* case and manifestly with respect to their sufficiency. Hence, the deduction that when the court spoke of "the whole record before us" it did not refer to the state of the pleadings in such record, which it had so fully discussed and considered, as well as to the evidence, seems illogical and, in my judgment, cannot be harmonized with previous decisions of the Supreme Court on the same subject.

Such holding would not only result in practically dispensing with anything in the nature of the pleadings, even in cases of the first class, to which the same practice may be applied, under section 28, par. 9, of the Municipal Court Act (J. & A. ¶ 3340), and thus revolutionize the existing practice in that court, but it would impose upon the Appellate Court the task of "wading" through bills of exceptions to ascertain what issues were "tried out," and present uncertainty and extreme difficulties in determining in the future what has been actually adjudicated. I, therefore, feel compelled to record my dissent.