# William G. Thon, Appellee, v. Daniel M. Jackson, Appellant.

## Gen. No. 25,992.

1. MUNICIPAL COURT OF CHICAGO—*necessity for allegation of due care in statement of claim*. In a tort action of the fourth class in the municipal court, a judgment for plaintiff on the merits, on issues joined, will not be overthrown because plaintiff did not allege in his statement of claim that he was, at the time of the injury complained of, in the exercise of ordinary care.

2. MUNICIPAL COURT OF CHICAGO—*requisites of statement of claim*. The Municipal Court Act does not require that, in an action of the fourth class, in tort, all the material or ultimate facts of a case should be stated or pleaded in plaintiff's statement of claim.

BARNES, P. J., dissenting.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 24, 1921. Rehearing denied July 11, 1921.

WALTER J. HOERING, for appellant.

WILLIAM G. THON, *pro se.*

MR. JUSTICE GRIDLEY delivered the opinion of the court.

The defendant, Jackson, by this appeal seeks to reverse a judgment for $160.35 rendered against him on December 15, 1919, by the municipal court of Chicago in a tort action of the fourth class. While there is no bill of exceptions the transcript of the common-law record discloses that on December 15, 1919, the parties appeared and the cause came on in regular course for trial before the court without a jury, and evidence was heard, and the court found the defendant "guilty in manner and form as charged in plaintiff's statement of claim" and assessed plain-

tiff's damages at the sum of $160.35 in tort, and, on the same day, after overruling defendant's motions for a new trial and in arrest of judgment, entered the judgment appealed from.

Plaintiff's statement of claim is as follows:

"Plaintiff's claim is for the sum of $200 for damages sustained by the plaintiff as a result of the negligence of the servant of the defendant in negligently, carelessly and unlawfully operating and driving and controlling the automobile of the defendant, and running and driving the same in such a negligent, careless and unlawful manner that the said automobile of the defendant ran into and struck the automobile of the plaintiff and greatly damaged the automobile of the plaintiff, the said negligence of the said servant of the defendant having taken place while the plaintiff was operating and driving his automobile in South Michigan Boulevard at or near where said Michigan Boulevard intersects with East Jackson Boulevard, on or about the 12th day of September, A. D., 1919."

Defendant's affidavit of merits is as follows:

"Affiant states * * * that the agent of the defendant did not on the 12th day of September, 1919, nor at any other time, negligently and carelessly operate the automobile of the defendant, thereby causing the same to collide, run into and damage plaintiff's automobile at the intersection of Michigan Boulevard and Jackson Boulevard in Chicago. Affiant further states that he is informed and verily believes that the automobile which did collide with the automobile of the plaintiff did not belong to the defendant and was not operated by defendant's agent and servants for the use and benefit of the defendant."

The sole contention of counsel for defendant is, in substance, that the trial court erred in overruling defendant's motion in arrest of judgment because plaintiff's statement of claim fails to allege the exercise of ordinary care on the part of plaintiff while he was operating his automobile as charged, and said statement of claim, therefore, is insufficient to support the judgment.

In section 3 of the Municipal Court [J. & A. ¶ 3315] it is provided:

"That in all cases of the fourth class   *   *   *   the issues shall be determined without other forms of written pleadings than those hereinafter expressly prescribed or provided for."

And section 40 [J. & A. ¶ 3352] thereinafter expressly prescribes and provides for the form of written pleadings in certain fourth-class cases, by requiring every such case to be commenced by the filing of a *præcipe,* and

"A statement of the plaintiff's claim, which statement   *   *   *   if the suit be for a tort, shall consist of a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend; but nothing herein contained shall be construed to require the statement of claim in any action for a tort to set forth the cause of action with the particularly required in a declaration at common law."

In the case of *Enberg v. City of Chicago,* 271 Ill. 404, our Supreme Court, after calling attention to the above-mentioned sections of the Municipal Court Act, and other sections, says (p. 408):

"A careful consideration of the foregoing sections and other sections of the Municipal Court Act leads us to the conclusion that common-law pleadings are expressly permitted in actions of the first and second class and that the use thereof is abolished as to fourth-class actions. The issue in actions of the fourth class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim for all demands, set-offs or counterclaims, which shall merely state the account or nature of the demand if the suit is on a contract express or implied, or if in tort, a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. The statement of an account is not a declaration at common law. It is not a pleading

in the sense or meaning of common-law pleadings. Neither does the statement in tort required by said act rise to the dignity of a common-law declaration, in our judgment, requiring all the material or ultimate facts of a case to be stated or pleaded.''

In the case of *Greenblodt v. Chicago Rys. Co.*, 189 Ill. App. 185, it appears that the action was of the fourth class, in tort, commenced in the municipal court of Chicago; that plaintiff's statement of claim alleged, in substance, that he received injuries on July 9, 1911, while he was driving a wagon on Western avenue, between Division street and Chicago avenue, in the City of Chicago, occasioned by defendant's street car being recklessly and carelessly driven against his wagon and causing him to be thrown to the ground, and that he claimed damages for the injuries sustained; that no objection by the defendant was made to the sufficiency of the statement of claim but issue was joined thereon; that the cause was tried before a jury resulting in a verdict and judgment in favor of the plaintiff for $500; that the evidence was not preserved by bill of exceptions for the consideration of the reviewing court; and that the sole point raised as a ground for a reversal of the judgment was the insufficiency of plaintiff's statement of claim, in that it was not alleged therein that plaintiff at the time he was injured was in the exercise of due care.   The main Appellate Court for this district, on writ of error, declined to "overthrow the evident purpose of the Municipal Court Act" and affirmed the judgment.   (See also *Kuzmierczyk v. Joseph Schlitz Brewing Co.*, 201 Ill. App. 479; *Sher v. Robinson*, 220 Ill. App. 365.)

Even in cases where common-law pleadings are required, the rule is stated in *Chicago & E. I. R. Co. v. Hines,* 132 Ill. 161, 166 (quoting from 1 Chitty's pleading, 7th Am. Ed. p. *713), to be as follows:

''Where there is any defect, imperfection or *omission* in any pleading, whether in *substance* or in *form,* which would have been a fatal objection upon de-

murrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or *omitted,* and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict.''

In the present case, which was a case of the fourth class in tort, brought in said municipal court, we think that plaintiff's statement of claim sufficiently showed the nature of the tort complained of and sufficiently informed the defendant of the nature of the case he was called upon to defend. The defendant joined issue on said statement denying the negligence as charged and alleged that the automobile which collided with plaintiff's automobile at the time and place in question was not defendant's automobile. While the material fact, that the plaintiff was in the exercise of ordinary care in the operation of his automobile at said time and place, was not alleged in his statement of claim, it appears that there was a trial of the case at which both parties were present and evidence was heard, and we think that, in the absence of a bill of exceptions, it must be presumed that it was sufficiently proven that plaintiff at the time and place was in the exercise of ordinary care. And we are of the opinion that, under the provisions of the Municipal Court Act and the above-mentioned decisions construing that act, after a trial on the merits has been had and a finding made in favor of the plaintiff on the issues joined and a judgment rendered on that finding, this Appellate Court is not warranted in reversing the judgment solely on the grounds that plaintiff in his statement of claim failed to allege that at said time and place he was in the exercise of ordinary care, and that defendant after the finding and before the entry of the judgment made a formal motion in arrest of judgment. As stated, in substance, in the *Enberg* case, *supra,* the Municipal Court Act does not require that, in an action

of the fourth class in tort, "*all* the material or ultimate facts of a case" should be stated or pleaded in plaintiff's statement of claim.

For the reasons indicated the judgment of the municipal court is affirmed.

*Affirmed.*

MATCHETT, J., concurs.

MR. PRESIDING JUSTICE BARNES, dissenting: I regard this decision as in direct conflict with that of the Supreme Court in *Gillman* case, 268 Ill. 305, which I do not understand has ever been overruled. My views on this subject are expressed in a dissenting opinion in the case of *Sher v. Robinson,* 220 Ill. App. 365.