JAMES A. WAGONER, for plaintiff in error.

CULVER, ANDREWS, KING & COOK, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 407*—*when burden of proof is on defendant.* In an action on a promissory note, *held* that the burden of proving the defense of failure of consideration was on the defendant.

2. BILLS AND NOTES, § 461*—*when verdict properly directed.* Evidence in an action on a promissory note *held* to justify a directed verdict for the plaintiff.

---

## Stanislaw Kuzmierczyk, Defendant in Error, v. Joseph Schlitz Brewing Company, Plaintiff in Error.

### Gen. No. 21,619.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. D. H. WAMSLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

### Statement of the Case.

Action by Stanislaw Kuzmierczyk, plaintiff, against the Joseph Schlitz Brewing Company, a corporation, defendant, for damages to property alleged to have been caused by the negligence of the defendant. To review a judgment for plaintiff, defendant prosecutes a writ of error.

The statement of claim filed herein alleged as follows:

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

480	Appellate Courts of Illinois.

Kuzmierczyk v. Joseph Schlitz Brew. Co., 201 Ill. App. 479.

"Plaintiff's claim is for the killing of his horse and injuries caused to plaintiff's wagon and harness on to-wit: the 3rd day of March, A. D. 1914, in Milwaukee Ave., at or near its intersection with Chicago Ave., in the city of Chicago, by reason of a wagon then and there belonging to defendant corporation and then and there operated and managed and under the control of a servant of defendant corporation, colliding with plaintiff's said horse, wagon and harness; said collision being caused by the negligence of the servant of defendant corporation to the damage of plaintiff in the sum of $200.00."

Timothy J. Fell, for plaintiff in error; Hermann P. Haase, of counsel.

Walter J. Fried, for defendant in error.

Mr. Justice McDonald delivered the opinion of the court.

### Abstract of the Decision.

1. Municipal Court of Chicago, § 13*—*when need not be set forth in statement of claim.* It is not essential that a statement of claim in an action of the fourth class in tort, based on the defendant's negligence, set forth that the plaintiff was in the exercise of due care prior to and at the time of the defendant's negligent act.

2. Municipal Court of Chicago, § 13*—*when statement of claim sufficient.* A statement of claim, in an action of the fourth class, for injuries to the plaintiff's wagon and harness and death of his horse, alleged to have been caused by the negligence of the defendant, *held* to comply with the requirements of the Municipal Court Act, sec. 40 (J. & A. ¶ 3352).

3. Roads and bridges, § 239*—*when evidence sufficient to show negligence of owner of team.* In an action for damages to the plaintiff's wagon and harness and for the death of his horse, alleged to have been caused by a collision with a team belonging to the defendant, evidence that the defendant's team was left standing unattended in the street, the horses' heads being fastened by hitching straps to the pole of the wagon to which they were attached, *held* to sufficiently show negligence on the part of the defendant to sustain a judgment for the plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.