## Abstract of the Decision.

1. Municipal Court of Chicago, § 29*—*what Appellate Court may not take judicial notice of.* The Appellate Court cannot take judicial notice of a city ordinance upon which a prosecution by the city is based where such ordinance is not preserved in the record.

2. Municipal Court of Chicago, § 29*—*when presumed that trial court is justified in finding defendant guilty for violation of city ordinance.* Where a city ordinance upon which a prosecution for gambling is based is not preserved in the record, it must be presumed on appeal that the trial court was justified in its finding that the defendant was guilty of engaging in gambling in violation of such ordinance.

---

## Walter Rutkowski by Mary Landowski, Defendant in Error, v. Carl Marcowska, Plaintiff in Error.

### Gen. No. 22,542.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph P. Rafferty, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed January 8, 1917.

## Statement of the Case.

Action by Walter Rutkowski, by Mary Landowski, next friend, plaintiff, against Carl Marcowska, defendant, to recover damages for malicious prosecution and false imprisonment. From a judgment for plaintiff for five hundred dollars, defendant brings error.

Winston & Lowy, for plaintiff in error; Frank A. Lasley, of counsel.

G. Raymond Collins, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 51*—*what must be alleged.* In an action to recover damages for malicious prosecution, it is essential to allege, among other things, the absence of probable cause and determination of the original proceedings in favor of the plaintiff.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when defendant is not bound to answer statement of claim.* A defendant is not bound to answer a statement of claim which does not show any liability against him, and hence cannot be in default.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is fatally defective.* A statement of claim in an action to recover damages for malicious prosecution which fails to allege the absence of probable cause and determination of the original proceedings in favor of plaintiff is fatally defective.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when insufficiency of statement of claim is not waived.* Insufficiency of a statement of claim in an action to recover damages for malicious prosecution, in that it fails to allege the absence of probable cause and determination of the original proceedings in favor of plaintiff, is not waived by the failure of the defendant to move for a more specific statement.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.