(No. 11366.—Reversed and remanded.)
THE AMERICAN HARD RUBBER COMPANY, Defendant in
Error, *vs.* THAD H. HOWE, Plaintiff in Error.

*Opinion filed October 23, 1917.*

1. PLEADING—*affidavit of defense in municipal court need only disclose nature of defense in fourth-class actions.*  No formal written pleadings are required in fourth-class actions in the municipal court of Chicago, and all that is required of the defendant in such suit is that his affidavit of defense shall sufficiently disclose the nature of his defense, in the absence of a special rule of the municipal court requiring more particularity.

2. SAME—*when affidavit of merits states a defense to cause of action on a guaranty.*  An affidavit of merits in a fourth-class case in the municipal court states a defense to a cause of action on a guaranty for the purchase price of goods sold, where it contains a statement that the plaintiff did not furnish and deliver the goods, wares and merchandise mentioned in the order and guaranty.

3. SAME—*a pleading is good if any portion thereof sets up a legal defense or claim—duplicity.*  Even where formal pleadings are required, a pleading consisting of several parts is good if any portion or paragraph thereof sets up a legal defense or claim, and duplicity in such case cannot be taken advantage of by a general motion to strike the affidavit of merits but the objection must be taken by special demurrer or otherwise.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

HARRY A. BIOSSAT, for plaintiff in error.

EDWARD L. ENGLAND, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error recovered a judgment for $2000 in the municipal court of Chicago against plaintiff in error, Thad H. Howe. The Appellate Court for the First District affirmed the judgment of the municipal court on a

writ of error sued out of that court by plaintiff in error. A petition for *certiorari* was allowed by this court, and the plaintiff in error seeks to have the judgment of the Appellate Court reversed on a writ of error.

The facts in the record disclose that on May 6, 1914, the Swiss-American Vaporator Company desired to purchase certain goods, wares and merchandise from defendant in error, and not being of sufficient financial responsibility to induce the defendant in error to ship the goods, the latter declined to do so unless payment was assured. Thereupon plaintiff in error signed a written guaranty by which he guaranteed to defendant in error the prompt payment at maturity of the full debt and obligation of the Swiss-American Vaporator Company that might be thereafter contracted by it respecting said goods and the delivery of the same by defendant in error. It is also disclosed by the record that the municipal court, in accordance with paragraph 9 of section 28 of the Municipal Court act, has adopted rules of court providing that the practice in cases of the first class in that court shall be the same as is provided for in cases of the fourth class in that act.

The statement of claim alleged, in substance, that the Swiss-American Vaporator Company purchased certain merchandise from defendant in error; that payment of the same was guaranteed by plaintiff in error; that thereupon defendant in error delivered the merchandise "to the defendant" (plaintiff in error); that the price agreed upon was $3025; that a payment of $1025 was made by the Swiss-American Vaporator Company, leaving a balance of $2000; that afterwards defendant in error instituted suit in the municipal court of Chicago and obtained a judgment against the Swiss-American Vaporator Company for $1040, which amount was admitted to be due by the Swiss-American Vaporator Company; that the balance of defendant in error's claim, amounting to $960, was contested and not included in the judgment; that execution was issued on the

judgment and returned no part satisfied; that repeated demands for payment had been made by defendant in error upon the Swiss-American Vaporator Company, which were refused; that said company is insolvent, and that any delay in reducing the balance of the claim to judgment would endanger the defendant in error's claim against the plaintiff in error.

The affidavit of merits of plaintiff in error stated, in substance, that he verily believed that he had a good defense to this suit, upon the merits, to the whole of the said demand, and that his defense is as follows: "That said plaintiff did not furnish and deliver the goods, wares and merchandise mentioned in said order and guaranties; that there was no balance of $2000 due on December 3, 1914; that the Swiss-American Vaporator Company has paid on account of said judgment of $1040 mentioned in said statement of claim, $100; that defendant is not liable for costs and interest on said claim; that the plaintiff, on, to-wit, March, 1915, in consideration of A. H. Preeman agreeing to pay $100 on said judgment and $100 each and every week thereafter until same was paid, agreed to extend the time of payment of plaintiff's claim so that same should be paid $100 cash, on, to-wit, March 1, 1915, and $100 each and every week thereafter, and that A. H. Preeman paid said plaintiff $100 on account of said agreement and agreed to pay plaintiff $100 each and every week thereafter." On motion of the defendant in error the said affidavit of merits was stricken from the files. Plaintiff in error elected to stand by the affidavit of merits, and default and judgment were entered against him in said sum.

The only question before this court is whether or not the said affidavit of merits sufficiently states a cause of defense to this suit under the practice of the Municipal Court act with reference to fourth-class actions. This court has repeatedly held that no formal written pleadings are required in fourth-class actions in the municipal court, and

that all that is required of the defendant in such suit is that his affidavit of defense shall sufficiently disclose the nature of his defense, in the absence of a special rule of the municipal court requiring more particularity. *Enberg v. City of Chicago,* 271 Ill. 404; *Edgerton* v. *Chicago, Rock Island and Pacific Railway Co.* 240 id. 311.

The requirements of the municipal court under rule 17 with reference to affidavits of merits are, in substance, that the defendant's affidavit shall state that he verily believes that he has a good defense to the suit, upon the merits, to the whole or to a portion of the plaintiff's demand, specifying the nature of such defense by way of denial or by way of confession and avoidance in such a manner as to reasonably inform the plaintiff of the defense which will be interposed at the trial, and that evidence only of such defenses as are set out in the affidavit shall be admitted on the trial, provided any defendant may, in the discretion of the court, by order duly entered, be permitted to make his defense without filing any affidavit of merits. The rule does not add to the requirements of the statute with reference to affidavits of merits in the municipal court, except the requirement that an affidavit of merits must be made unless otherwise ordered in the case on trial by the court.

It is true, as contended by defendant in error and as held by the municipal court and the Appellate Court, that the last clause of the affidavit of merits constitutes no complete defense to this suit for failure of the affidavit of merits to state in it that the agreement for the extension of time was without plaintiff in error's consent. This is also conceded by plaintiff in error. The affidavit, however, does state a defense to the cause of action in the first clause, which is, in substance, a statement that defendant in error did not furnish and deliver the goods, wares and merchandise mentioned in said order and guaranties. If there was a failure to furnish and deliver the wares and merchandise to the Swiss-American Vaporator Company, as alleged by

plaintiff in error, or as it is claimed it is alleged, there is no cause of action against plaintiff in error, as the affidavit in that denial denies the only cause of action stated against plaintiff in error.

It is insisted that the statement of claim contains a clerical error that is therein apparent, in the allegation that the delivery of the goods was to defendant instead of to the Swiss-American Vaporator Company. Be that as it may, the affidavit of merits denies explicitly that any delivery of the goods, wares and merchandise was made and denies that they were furnished. The next two clauses of the affidavit state a good partial defense to this suit as to the sum of $100. The affidavit was somewhat informal as to this defense in not stating that this defense was only to a portion of defendant in error's demand, instead of prefacing it with the statement that it was a defense as to the whole of the demand. The affidavit, however, clearly discloses that it was intended only as a defense to a portion of the demand, and states what portion.

It is the law, even where formal pleadings are required, that a pleading consisting of several parts, counts or pleas is good if any portion or paragraph thereof sets up a legal defense or a legal claim. (*Knapp, Stout & Co.* v. *Ross,* 181 Ill. 392; *Fitch* v. *Haight,* 4 Scam. 51.) If such defenses or claims are set forth in the same plea or count no advantage can be taken of the fact of duplicity without special complaint thereof, by demurrer or otherwise. The motion to strike the affidavit of merits in this case was general and gave no notice of other than general objections,—that is, only notice that it stated no defense whatever.

For the reasons aforesaid the judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*