Lyons v. Kanter et al., 210 Ill. App. 78.

James F. Lyons, Appellee, v. Harry L. Kanter and
Norton E. Ruderman, Appellants.

Gen. No. 23,216.

1. MUNICIPAL COURT OF CHICAGO, § 13*—when statement of claim
in action of fourth class in tort is sufficient. A statement of claim
in an action of the fourth class in the Municipal Court does not
necessarily have to set forth a legal cause of action, provided,
being in tort, it discloses the nature of the tort complained of and
gives such further information as will reasonably inform the de-
fendants of the nature of the case that they are called upon to
defend.

2. MUNICIPAL COURT OF CHICAGO, § 13*—when statement in ac-
tion of fourth class for malicious prosecution is sufficient. A state-
ment of claim in an action of the fourth class in the Municipal
Court of Chicago for malicious prosecution was sufficient although
omitting to state defendants acted without probable cause, where
it was otherwise sufficient, and defendants in their affidavit of
merits set up probable cause, and evidence for and against that
issue was presented.

3. MALICIOUS PROSECUTION, § 13*—when advice of counsel is no
defense. If a criminal prosecution is instituted for the mere pur-
pose of coercing one into the payment of a debt or the surrender
of some right claimed, and not in the cause of public justice, the
fact that the one instituting such prosecution procures the advice
of counsel will not shield him from the consequences of his wrong-
ful act.

4. MALICIOUS PROSECUTION, § 83*—when probable cause question
for jury. The question of the presence or absence of probable cause,
in an action for malicious prosecution, is a question of fact for the
jury, notwithstanding the fact an examining magistrate had found
plaintiff probably guilty of the charge against him and had bound
him over to the grand jury.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM
N. GEMMILL, Judge, presiding. Heard in the Branch Appellate
Court at the March term, 1917. Affirmed. Opinion. filed March
13, 1918. Rehearing denied March 26, 1918.

BLUM, WOLFSOHN & BLUM, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

LITZINGER, HEALY & REID, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This was a suit brought by James F. Lyons, appellee, hereinafter referred to as the plaintiff, against Harry L. Kanter and Norton E. Ruderman, appellants, hereinafter referred to as the defendants, alleging false arrest and malicious prosecution. In his statement of claim, the plaintiff alleges that he was in the employ of the defendants for a time, and, after leaving their employ, the defendants executed a complaint, charging him with larceny and embezzlement, on which he was arrested and taken into custody; that, upon the preliminary hearing, he was bound over to the grand jury where a no bill was returned after the plaintiff had been obliged to remain some days in jail by reason of his failure to procure a bond. The plaintiff further avers in his statement of claim that his reputation for honesty was good; that he had never been accused of crime before; that he was not guilty of the crime charged against him; and that defendants wilfully and maliciously prosecuted the proceedings against him whereby he was injured in his good name and reputation. But the statement of claim does not allege that the defendants were without probable cause in the transaction complained of. The defendants filed their affidavit of merits, alleging, among other things, that they had probable cause. Upon the trial of the case, the jury found the issues for the plaintiff and assessed his damages at $1,000 and judgment was entered on the verdict. The defendants contend in this court that the judgment must be reversed for the reason that the statement of claim filed by the plaintiff does not state a cause of action.

This is an action of the fourth class in the Munici-

pal Court in which no formal written pleadings are required. In a court of record where common-law pleadings are required, a declaration in a suit for damages caused by an alleged malicious prosecution which contains no averment that the defendant was without probable cause in instituting or prosecuting the alleged prosecution does not state a cause of action, for a common-law declaration must allege all the material averments necessary to be proved to maintain the action. The defendants here contend that in such a suit of the fourth class, in the Municipal Court, the statement of claim must state a cause of action substantially as is required of a declaration in common law in other courts of record, although not with the same particularity. We quote the last expression of our Supreme Court in passing upon that precise point when we say: "We cannot give our consent to such an interpretation of the Municipal Court Act." *Enberg v. City of Chicago,* 271 Ill. 404. In that decision the court made an exhaustive review of the various provisions of the Municipal Court Act and said, on pages 408 and 409:

"A careful consideration of the foregoing sections and other sections of the Municipal Court Act leads us to the conclusion that common-law pleadings are expressly permitted in actions of the first and second classes and that the use thereof is abolished as to fourth-class actions. The issues, in actions of the fourth-class, so far as pleadings are concerned, are to be indicated by the mere filing of a statement of claim * * * which shall merely state * * * if in tort * * * a brief statement of the nature of the tort and such further information as will reasonably inform the defendant of the nature of the case. * * * Neither does the statement in tort required by such act rise to the dignity of a common-law declaration, in our judgment, requiring all the material * * * facts of the case to be stated or pleaded."

We hold that a statement of claim in an action

of the fourth class in the Municipal Court does not necessarily have to set forth a legal cause of action, provided, being in tort, it discloses the nature of the tort complained of and gives such further information as will reasonably inform the defendant of the nature of the case that he is called upon to defend. *Kuzmierczyk v. Joseph Schlitz Brewing Co.,* 201 Ill. App. 479; *Chicago, I. & L. Ry. Co. v. Monarch Lumber Co.,* 202 Ill. App. 20; *Edgerton v. Chicago, R. I. & P. Ry. Co.,* 240 Ill. 311; *Schultz v. Henry Ericsson Co.,* 264 Ill. 157; *Enberg v. City of Chicago, supra; Kappes v. Bacon,* 209 Ill. App. 290; *American Hard Rubber Co. v. Howe,* 280 Ill. 431. The holding in each of these cases is in accordance with both the letter and the spirit of the Municipal Court Act and is decisive of the objections made against the statement of claim filed in this case.

That defendants were fully informed of the nature of the case they were called upon to defend and that the case included the very element which they now complain of as having been omitted from the statement of claim, namely, the want of probable cause, is shown by the affidavit which they filed in which they alleged that they did have probable cause. As the Supreme Court said in the *Enberg* case, *supra,* shall we, against the express provisions of section 40 of the Municipal Court Act (J. & A. ¶ 3352), add the further requirement that the statement of claim shall aver, in such a case as this, that the alleged malicious prosecution was indulged in by the defendants without probable cause on their part, when such an averment would in no way add to the information of the defendants as to the nature of the tort or of the case they were called upon to defend?

In the case at bar, the subject-matter of the allegation, the omission of which the defendants now allege makes the statement of claim fatally defective, was

squarely raised and evidence for and against that issue was presented to the jury and passed upon by them. In this respect this case differs from the case of *Rutkowski v. Marcowska*, 203 Ill. App. 204, where the defendant's affidavit of merits was stricken from the files and the cause tried in the absence of the defendant or his attorney. The defendants also rely on the case of *Gillman v. Chicago Rys. Co.*, 268 Ill. 305. We do not consider that case in point for there the statement of claim filed by the plaintiff did not disclose whether the relationship which was claimed to exist was that of carrier and passenger, or of master and servant, or of merely bystander and street railroad company; nor did it allege or in any way indicate the nature of the alleged negligence complained of. In short, as stated by the Supreme Court in its opinion on page 309: "It does not show the nature of the tort complained of." It cannot be successfully contended that the statement of claim in the case at bar does not show the nature of the tort complained of.

The defendants further complain of certain remarks indulged in by counsel for the plaintiff in his closing argument to the jury. While the remarks in question might better have been omitted, we do not consider them as reversible error.

The last point urged by the defendants, in contending that the judgment of the trial court should be reversed, is that the verdict is against the manifest weight of the evidence in that it discloses that the defendants did have probable cause for the institution of their prosecution of the plaintiff, and this for two reasons, as shown by the evidence: First, that they in good faith consulted with experienced and competent counsel, who, upon full disclosure, advised arrest; and, second, that one of the judges of the Municipal Court, sitting as an examining magistrate, upon a full

hearing in which the plaintiff testified, reached the conclusion that the plaintiff was probably guilty of the charge which had been brought against him and therefore bound him over to the grand jury.

As to the first of these contentions, it appears from the evidence as disclosed by the record in this case that the defendants conferred with an attorney, as he testified, "for the purpose of getting this money." After being consulted by the defendants, the attorney talked with the plaintiff and subsequently had several conferences with his clients. It appears from the evidence that he not only did not advise them that, in view of all the facts disclosed to him, they would be justified in having plaintiff arrested, but that the sum and substance of his advice was that they should be very sure they were right before going ahead and taking such a serious step. There seems to be some dispute as to whether or not some of the items had been collected, and, among other things, the attorney told the defendants that if they were absolutely certain in their own minds that the plaintiff had made the collections, they would be justified in swearing out a warrant, but it appears that the attorney wrote his clients to the effect that he would not assume any responsibility himself. The real purpose of the defendants in seeking the advice of their counsel at this time seems to be indicated further by the testimony of Mr. Ruderman in which he says that after he had had a number of talks with the plaintiff and with the lawyer he told the plaintiff they were going to have him arrested. There had been efforts to induce the plaintiff to settle and after all efforts failed, Mr. Ruderman testified: "I went over to see our lawyer and told him about it and he said if we could not get the money any other way, have him arrested." The rule that, when a party consults with counsel of good standing and lays the facts before him fully and then

acts in good faith and in the honest belief that the party charged is probably guilty of the criminal offense, he will not be held responsible for his act if it should turn out that the party is not guilty, implies always, that the party seeking counsel does so in good faith. If a criminal prosecution is instituted for the mere purpose of coercing one into the payment of a debt or the surrender of some right claimed, and not in the cause of public justice, the fact that the one instituting such a prosecution procures the advice of counsel will not shield him from the consequences of his wrongful act. *Neufeld v. Rodeminski,* 144 Ill. 83.

As to the second point urged by the defendants in this connection, it does not appear from the record that there was a full hearing before the judge of the Municipal Court who bound the plaintiff over to the grand jury. Plaintiff seems to have had little or no opportunity to present his case and was in court without counsel. In the case of *Schoonover v. Myers,* 28 Ill. 308, the plaintiff, in an action for malicious prosecution, when arrested under a warrant sworn out by defendant, waived examination and voluntarily gave bail for his appearance in the Circuit Court. It was urged that this action on his part was an admission of at least such a probability of guilt as to preclude him from ever after alleging that the prosecution was maliciously instituted. The court held not, and said: "This course should have no more influence than would the finding of a magistrate, upon a hearing of the evidence, that there was probable cause, and binding the person over for his appearance, or committing him."

The question of the presence of absence of probable cause is a question of fact for the jury to pass upon, and, notwithstanding the action of the magistrate in holding the plaintiff over to the grand jury, it may well be that the jury would properly find, on the whole of the testimony submitted to it, that the one who had

Lyons v. Kanter et al., 210 Ill. App. 78.

instituted the prosecution had done so without probable cause unless the evidence, submitted to the jury in the suit for malicious prosecution, on the question of probable cause, was the same evidence as that submitted to the examining magistrate upon which he bound the plaintiff over to the grand jury, and, in the latter case, the one instituting the prosecution should be held to have had probable cause the same as though he had acted on the advice of counsel. *Glenn v. Lawrence*, 280 Ill. 581. But even though the defendants, in the case at bar, were in that situation, there would still remain the question of their good faith, and, as we have already indicated, we believe the evidence in this record was sufficient to warrant the jury in concluding that the defendants were not actuated by good faith in bringing the prosecution in question, but rather for the purpose of compelling the payment of the amount they claimed was due from the plaintiff.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*