404

---

New York Bond & Mortgage Company, Appellee, v.
H. E. McWilliams, Appellant.

Gen. No. 33,189.

Opinion filed May 31, 1929.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellant.

EPSTEIN, FEIWELL, ARVEY & SACHS, for appellee; LOUIS M. MANTYNBAND and NORMAN ASHER, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the municipal court of Chicago, in an action of the fourth class, New York Bond & Mortgage Company, a corporation, plaintiff, sued H. E. McWilliams, defendant. The trial court, upon motion of the plaintiff, struck from the files the defendant's amended affidavit of merits and entered a default against the defendant, and found from "the evidence contained in the affidavit of plaintiff's claim" that there was due to the plaintiff the sum of $660. Judgment was entered on the finding and this appeal followed.

The plaintiff's amended statement of claim alleged that the defendant was indebted to it in the sum of $660 for brokerage commissions earned by it; that the defendant on August 6, 1927, made a written application to the plaintiff seeking to employ it to negotiate a loan upon certain real property in Chicago, Illinois; that the plaintiff accepted the terms and conditions contained in the application and instituted negotiations to procure a loan in accordance with the terms in said application; that it did negotiate a loan for said defendant with certain mortgage brokers, who agreed to make the defendant a loan pursuant to the terms of the written application, and who were at all times ready, able and willing to consummate and make a loan to the

defendant upon the said terms; that the defendant agreed to pay the plaintiff 6 per cent of the amount of the loan and that there is due the plaintiff from the defendant the sum of $660. · Thereafter the defendant filed the following amended affidavit of merits: "Leave of court first being had and obtained, Heber T. Dotson, makes oath and says that he is the attorney for the defendant, H. E. McWilliams. In this behalf he verily believes that the defendant has a good defense to this suit upon the merits to the whole of the plaintiff's demand; that the defense of the defendant to said suit is as follows: I. Affiant denies that at the time mentioned in the plaintiff's statement of claim herein or at any other time that the defendant entered into a contract with the plaintiff in the manner and form as set forth in the plaintiff's statement of claim or that the defendant agreed to pay the plaintiffs, the New York Bond & Mortgage Company, for services rendered the sum of Six Hundred and Sixty ($660.00) Dollars or any other sum whatsoever; but the affiant avers that the defendant did make the said application as set forth in the plaintiff's statement of claim in the manner and form as set forth. Affiant further avers that the New York Bond & Mortgage Company was not in accordance with defendant's application. This affiant further avers that on the contrary the New York Bond & Mortgage Company made this plaintiff 'a counter offer of a mortgage to the amount of Two Thousand ($2000.00) Dollars less than this defendant applied for to the New York Bond & Mortgage Company. II. Affiant denies that the plaintiff is a duly licensed and authorized broker or has full authority to negotiate loans of the character as set forth in the defendant's application; *the affiant further avers that there is not nor was at the time of the commencement of this suit any such corporation as the New York Bond & Mortgage Company as by the said statement of claim*

*is alleged.* (Signed) Heber T. Dotson.'' (Italics ours.) Here follows the jurat.

The defendant has argued several assignments of error, but we need notice only one. The defendant concedes that the amended affidavit of merits contains matters that do not constitute a defense, but he contends that it does directly and positively aver as a fact, and not as a conclusion or hearsay, ''that there is not nor was at the time of the commencement of this suit any such corporation'' as the plaintiff; that the defense of *nul tiel corporation* was a complete defense to the action; that ''as the amended affidavit of merits stated one good defense, it was sufficient, regardless of the number of insufficient defenses also contained therein,'' and that therefore the trial court erred in striking the amended affidavit of merits from the files. In our judgment, this contention is a meritorious one. A plea denying that a plaintiff is now or ever has been a corporation is a plea in bar, since the sustaining of such a plea will defeat the action. (*Keokuk & Hamilton Bridge Co. v. Wetzel,* 228 Ill. 253.) ''It is the law, even where formal pleadings are required, that a pleading consisting of several parts, counts or pleas is good if any portion or paragraph thereof sets up a legal defense or a legal claim.'' (*American Hard Rubber Co. v. Howe,* 280 Ill. 431, 435.) Paragraph (o) of Rule 15 of the municipal court provides (*inter alia*) that ''in first and fourth class cases for the recovery of money only, the defendant shall, if he makes a defense, file an answer, which shall be an affidavit sworn to by himself, his agent or attorney, *stating that he has knowledge of the facts* and that he verily believes that the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand'' (italics ours), and the plaintiff contends that a defendant is required by this paragraph to state that he ''has knowledge of the facts'' and that a failure to do so makes the affida-

vit fatally defective and the trial court, upon motion, must strike it from the files.

For the purpose of answering this contention of the plaintiff, we will assume that the requirements of paragraph (o) of Rule 15 apply to a case where the defendant avers the defense of *nul tiel corporation*. It has been frequently held that an affidavit of merits need not be in the language of the statute, but it may be in equivalent language, or it may state in substance what the statute requires, and there is no good reason why a stricter rule should be followed in a case where rules of a court are involved. What does the word "aver" in the italicized portion of the amended affidavit of merits mean? Bouvier defines "averment" as "a positive statement of facts, as opposed to an argumentative or inferential one." The Century dictionary states that the word "aver," in law, means "to allege as a fact," and that the word "averment," in law, means "an allegation or statement as a fact." Therefore the affiant stated as a fact "that there is not nor was at the time of the commencement of this suit any such corporation as the New York Bond & Mortgage Company as by the said statement of claim is alleged." We are unable to see why this is not a substantial compliance with the requirements of paragraph (o) of Rule 15. The law presumes that when the affiant made that statement he had knowledge of the fact, and it holds him to account if he had not such knowledge. Rule 11 of the municipal court provides that "in any action by or against a corporation, it shall not be necessary to prove the existence of such corporation . . . unless . . . the corporate existence of such plaintiff or defendant . . . is denied by affidavit, signed by the party making such denial or by his agent or attorney . . ." And paragraph (q) of Rule 15 provides that "if a party seeks to controvert the right of another to sue as executor, or as trustee,

or in any other representative capacity, or *as a corporation* or a partnership, *he shall do so by specific denial.*" (Italics ours.) These provisions are clearly intended to apply to the defense of *nul tiel corporation,* and other like defenses, and the only requirement of paragraph (q) is a "specific denial." Under the common-law practice, a plea of *nul tiel corporation,* "like that of *non est factum,* is a simple negation,—a denial of the capacity in which the plaintiff sues,—and is not the averment of an affirmative fact." (*Bailey v. Valley Nat. Bank,* 127 Ill. 332, 340.) But, as we have held that the defense of *nul tiel corporation,* as averred in the amended affidavit of merits, was in substantial compliance with the requirements of paragraph (o) of Rule 15, we do not deem it necessary to decide whether or not the defendant, in averring that defense, was bound by the requirements of that paragraph.

The plaintiff argues that the statement in question of the affiant, in the present case, is so worded that it could not be the basis of an indictment for perjury. If we assume that the defendant in stating the defense of *nul tiel corporation* was bound by the requirements of paragraph (o), still the instant contention is without merit, for if the affiant, at the time that he made the statement in question, knew that it was false, and intended that it should mislead the trial court, he could be prosecuted for perjury, and, further, it would be perjury for the affiant to wilfully and corruptly swear to the said statement, if, at the time he made it, he had no knowledge as to whether or not the plaintiff was a corporation.

Plaintiff further contends that the defense of *nul tiel corporation* was clearly insufficient in law because the defendant dealt with the plaintiff as a *de facto* corporation and is therefore estopped to deny that it has been legally organized. Plaintiff, if it sees fit, may invoke that rule of law upon the trial of the case. We are

certainly not in a position to sustain the instant contention upon the record before us. In fact, the plaintiff argues that the statements in the amended affidavit of merits, aside from those in reference to the *nul tiel corporation* defense "made no sense," and certainly the statement in reference to the defense of *nul tiel corporation* cannot be construed as an admission by the defendant that he dealt with the plaintiff as a corporation.

The judgment of the municipal court of Chicago is reversed and the cause is remanded with directions to the court to vacate the order striking the defendant's amended affidavit of merits from the files.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and BARNES, J., concur.